Argued November 29, 1978, reversed and remanded February 6, 1979

KURASPEDIANI, *Petitioner,*

*v.*

EMPLOYMENT DIVISION et al, *Respondents.*

(No. 78-P-1230, CA 11796)

590 P2d 294

Richard A. Wyman, Legal Aid Service, Multnomah Bar Association, Inc., Portland, argued the cause and filed the brief for petitioner.

Al J. Laue, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance made by respondent Library Association of Portland.

Before Schwab, Chief Judge, and Johnson,* Gillette and Roberts, Judges.

ROBERTS, J.

*Johnson, J. resigned December 18, 1978.

**ROBERTS, J.**

Claimant appeals a denial of unemployment benefits. He assigns as error the Employment Appeals Board's decision that petitioner's temporary absence from work constituted a voluntary resignation from his work.

The Board's Findings of Fact are as follows:

"FINDINGS OF FACT: (1) The claimant worked for the above employer as a custodian at one of their branch libraries from 1968 until his separation from work on March 28, 1978. (2) Beginning in approximately August of 1977, the claimant experienced problems with his temper. (3) On occasions he would verbally abuse his fellow employees. (4) He was warned about this conduct in November of 1977. (5) Further incidents took place in March of 1978. * * * (6) In the afternoon of March 28, 1978 the claimant's supervisor confronted him at the branch library wherein the claimant was employed. (7) A warning letter was presented to the claimant * * *. (8) A discussion then ensued. (9) The claimant refused to sign the warning letter as the employer requested. (10) The claimant again became upset and started throwing things and then started gathering up some of his items and put them in a box. (11) He then left the employer's premises without signing the letter. * * * (12) Subsequently the claimant's supervisor appeared at the claimant's house and asked for his keys to the building and advised the claimant he was being considered to have separated from this employment."

The Board concluded: "We do not agree with the decision of the referee. We find that the claimant voluntarily left work without good cause." ORS 657.176(2)(c). The referee, however, had examined the claim on the basis of the Employment Division's finding that the claimant had been fired for misconduct connected with his work, ORS 657.176(2)(a); the Board's finding that claimant voluntarily left work without good cause was the first time this issue was raised.

The record is clear that the employer never contended that claimant voluntarily left work without

good cause. Instead, the employer reported to the Employment Division that claimant was "[f]ired with two weeks pay in lieu of notice."

The exhibits included two letters from the employer addressed to claimant. The first dated March 27, 1978 states: "I hereby notify you officially that your employment with this library will terminate instantly the next time you lose your temper and speak abusively to any member of the Rockwood Branch staff." The second letter dated March 29, 1978 states: "As Librarian, I wish to advise you that you are hereby dismissed for cause from employment with the Library Association of Portland." After detailing the causes, the letter states:

> "The foregoing conduct constitutes misconduct, insubordination, and unfitness to render effective service on your part.* * *
>
> "* * * You are instructed not to return to work * * * and, * * * you shall no longer be an employee of the Library Association of Portland."

The evidence at the hearing before the referee can be summarized as follows. Claimant's supervisor testified in answer to a question as to whether claimant was discharged or left voluntarily, "I would have to say he was discharged." He further testified that he had asked claimant to sign a letter warning him he would be discharged for any further outbursts of temper, that claimant refused to sign and left in anger, after which the supervisor went to claimant's home and released him from the library's employ. The supervisor testified that while claimant may have left because he thought he was being fired, claimant had not said he was quitting.

The Division found claimant was "discharged because of verbal abuse [he] displayed," and the referee not only treated the hearing as one on a discharge for misconduct but made findings accordingly. The referee found "claimant was discharged, but not for misconduct connected with his work" and held that he

should not be denied unemployment insurance benefits.

Upon appeal, the Board decided that claimant had voluntarily absented himself from work without good cause, raising this issue for the first time. The injection of this new issue at this stage of the proceedings denied claimant the opportunity to be heard on whether he quit work without good cause. It was, therefore, improper for the Board to decide against claimant on this basis.

Reversed and remanded.