Argued and submitted January 21, reversed and remanded April 27, respondent Employment Division's reconsideration denied July 22, petitioner Chapman's petition (on attorney fees) denied September 1, Employment Division's petition for review denied September 27 (295 Or 730), Chapman's petition for review denied October 4, 1983 (295 Or 731)

CHAPMAN,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION et al,
*Respondents.*

(82-AB-914; CA A25040)

662 P2d 19

John Mayfield, Oregon Legal Services, Oregon City, argued the cause and filed the brief for petitioner.

William F. Gary, Solicitor General, argued the cause for respondent employment division. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Deputy Solicitor General, Salem.

No appearance for respondent University of Portland.

Before Richardson, Presiding Judge, and Van Hoomissen and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant seeks judicial review of a decision of the Employment Appeals Board denying him unemployment compensation on the ground that he voluntarily left work without good cause. We reverse and remand to EAB.

Claimant's application for compensation was denied by the division for the reason that claimant was discharged for misconduct.[1] Claimant requested a hearing, stating in his request: "Facts are incorrect. I don't feel my actions were misconduct." After a hearing, the referee reversed the division, finding that claimant was "discharged but not for misconduct." Employer appealed. Employer's agent wrote to EAB, stating in part: "The claimant was discharged January 27, 1982 for failing to do his work." EAB reversed the referee, finding that claimant was not fired but voluntarily left work without good cause. On reconsideration, EAB affirmed its decision. At no point in the process did the employer contend claimant was not fired.

Claimant argues EAB erred in considering whether he voluntarily left work, because that question had not been considered at the hearing or previously. We agree. *Kuraspediani v. Emp. Div.*, 38 Or App 409, 590 P2d 294 (1979), is controlling. In that case, as here, the claimant had been denied compensation on the ground that he was fired for misconduct. The referee had disagreed, and the issue of voluntary leaving was raised for the first time by EAB on review. The employer never contended that the claimant was not fired. We stated:

---

[1] The decision states:

"FINDINGS OF FACT:

"1. You were employed with the University of Portland from August 12, 1974 until January 27, 1982.

"2. You were discharged because of continued non-compliance with a corrective workplan devised for you by your supervisor.

"3. You were able to meet all criteria in the plan and the compliance was within your control.

"CONCLUSION AND REASONS:

"You were discharged for misconduct connected with your work. Continued failure to adequately perform work within your capabilities and control is negligence which demonstrates a wrongful intent."

"Upon appeal, the Board decided that claimant had voluntarily absented himself from work without good cause, raising this issue for the first time. The injection of this new issue at this stage of the proceedings denied claimant the opportunity to be heard on whether he quit work without good cause. It was, therefore, improper for the Board to decide against claimant on this basis." 38 Or App at 413.

*Accord, Swezey v. Employment Division,* 47 Or App 923, 615 P2d 1103 (1980).

The division urges us to distinguish or overrule *Kuraspediani* and *Swezey* as inconsistent with EAB's scope of review. In its decision on reconsideration EAB said:

"* * * The determination of whether an individual voluntarily left work or was discharged is a determination to be made from the facts presented and applied to the definition provided by the rule. It is not material what the employer or the claimant perceived the work separation to be. It is a matter to be determined from the facts in a given case under de novo review by this Board."

The division argues that EAB was free to reexamine the record and to make any new findings based on the evidence presented at the hearing, as long as the issues addressed were within the scope of the "Notice of Hearing."

The notice of hearing did not apprise claimant of the issues as the division urges. The notice provides in relevant part:

"ISSUES. The issue(s) to be considered are indicated below. For additional information as to the issues, refer to the decision(s) and excerpts of the law and rules, copies of which were served on the interested parties."

Following that statement is a list of five possible issues, or sets of issues, only one of which is checked:

"2. Is claimant subject to disqualification:

"(a) Because of work separation from employer or because claimant failed without good cause to accept suitable work when offered?

"* * * * *"

The division's argument charges the parties with the responsibility for developing at the hearing all evidence relating to any issue possibly subsumed by the description

of issues in the "Notice of Hearing," whether or not a party has raised the issue. The rationale of *Kuraspediani* is that injection of a new issue at EAB stage may deny the claimant the opportunity to be heard on that issue. The parties have proceeded on the basis that claimant was fired and employer did not argue otherwise. The hearing focused on claimant's work performance. The division contends that any case involving a work separation issue must begin with the threshold determination whether claimant was discharged or quit and argues therefore that that question was necessarily addressed. However, the emphasis given that determination at the hearing can affect the subsequent focus of the hearing. In this case, had it been clear at the hearing that the manner of work separation was seriously questioned, then the related issue whether, if claimant had left voluntarily, it was for "good cause" could have been developed. The division assumes that "the facts" naturally appear on the record unaffected by the focus of the parties and the referee at the hearing.

The division argues that EAB's determination was within the scope of authority delegated to EAB under the statute and administrative rules.[2] The division also suggests that EAB's function of *de novo* review, *Wright v. Employment Division,* 24 Or App 323, 326-27, 545 P2d 613 (1976), would be disturbed if it were not permitted to apply the procedure it did in this case. We do not find the law regarding EAB's scope of review to conflict with *Kuraspediani* or our conclusion here. Nothing we say prevents EAB from disagreeing with the referee's findings based on fully litigated issues.

Claimant also argues that EAB's finding that he left work without good cause was not supported by substantial evidence. Because we conclude that EAB should not have considered that issue, we do not reach that contention.

---

[2] The division cites OAR 471-41-020(1):

"The Appeals Board shall enter its decision to affirm, modify, or set aside the findings of the referee, * * *"

and ORS 657.275(1):

"* * * If no additional evidence is required the Employment Appeals Board shall promptly and not later than 30 days from the receipt of the application for review, affirm, modify or set side the findings of the referee and promptly notify the claimant and any other interested party of its decision."

Because of the approach taken by EAB, it made no findings regarding the issue that was the subject of the employer's appeal; whether claimant was discharged for misconduct. We therefore remand to EAB to consider whether misconduct was the reason for claimant's discharge.

Reversed and remanded.