Argued and submitted June 15, reversed and remanded for reconsideration
November 7, 1990

CASCADE CORPORATION,
*Petitioner,*

*v.*

EMPLOYMENT DIVISION
and Leslie A. Hess,
*Respondents.*

(89-AB-905; CA A62243)

800 P2d 305

Calvin W. Collins, Portland, argued the cause for petitioner. With him on the brief was Newcomb, Sabin, Schwartz & Landsverk, Portland.

Jerome Lidz, Assistant Attorney General, Salem, waived appearance for respondent Employment Division.

No appearance for respondent Leslie A. Hess.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Employer seeks review of an Employment Appeals Board order that reversed the referee's decision and held that claimant was not disqualified from receiving unemployment benefits. We reverse and remand for reconsideration.

Claimant was hired by employer as an accounts payable clerk. After about two months, she quit. Employer was notified that claimant had been granted unemployment benefits on the ground that she had left work for good cause. Employer requested a hearing, and the notice that it received identified the issue:

"Did the claimant voluntarily quit with good cause or was the claimant suspended or discharged for misconduct?"

At the hearing, employer did not contend that claimant was discharged but contested whether there was good cause for her to quit. That was the issue litigated, and the referee concluded that the stress claimant identified was not a sufficient basis to justify her quitting the job and so she had not voluntarily quit with good cause.

Claimant appealed to EAB and, for the first time, raised the issue that the work was unsuitable. EAB agreed with her and reversed the referee. It concluded that the work was unsuitable, and it did not address whether she had good cause to quit.

Employer argues that, because the issue of unsuitability of the work was raised for the first time before EAB, neither party had an opportunity to present evidence on that issue and the record is incomplete. We agree. *Chapman v. Employment Division,* 62 Or App 676, 662 P2d 19 (1983); *Kuraspediani v. Emp. Div.,* 38 Or App 409, 590 P2d 294 (1979).

Reversed and remanded for reconsideration.