Argued and submitted September 16, reversed and remanded with instructions
October 15, 1997

Ken POTTER,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Fred Meyer, Inc.,
*Respondents.*

(EAB No. 97-AB-151; CA A96296)

946 P2d 709

Loren W. Collins argued the cause for petitioner. With him on the brief was Enfield, Brown, Collins & Knivila.

Philip Schradle, Assistant Attorney General, waived appearance for respondent Employment Department.

No appearance for respondent Fred Meyer, Inc.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Claimant seeks judicial review of an order of the Employment Appeals Board (EAB) denying claimant unemployment benefits on the ground that he voluntarily left work without good cause. ORS 657.176(2)(c). We reverse and remand.

Claimant filed this claim for unemployment benefits, stating that he had been discharged or fired by employer from a maintenance position due to physical and personal problems. In its response, employer stated that claimant was discharged for violation of the company's drug and alcohol policy. Employer appealed the subsequent administrative decision allowing claimant benefits. At a hearing before an administrative law judge (ALJ), claimant's supervisor testified that he had smelled alcohol on claimant, had confronted claimant the following morning, and had terminated claimant's employment. Claimant was not asked to undergo drug or alcohol testing, and was not given a "last chance agreement." The supervisor testified that, several weeks earlier, claimant had declared his intention to give notice, apparently because claimant was planning to undergo surgery. The supervisor also testified that claimant would not have been permitted to continue to work through the remainder of the notice period. Claimant testified that, if the supervisor smelled alcohol, it was from cleaning solvents on his clothes and was not on his breath. The ALJ concluded that claimant was discharged, but not for misconduct. The ALJ concluded that employer had not established that claimant was under the influence of alcohol at work in violation of employer's substance abuse policy, noting that claimant's explanation of the alcohol smell was reasonable.

Employer sought review from EAB, contending that claimant's testimony that the alcohol smell was from cleaning materials was not credible, and that employer had demonstrated that claimant had been discharged for coming to work under the influence of alcohol, in violation of employer's policies. EAB disallowed benefits, holding that claimant had voluntarily left work without good cause. EAB reasoned that claimant gave notice that he would be resigning because he

needed surgery, that employer would have granted claimant leave for the surgery but that claimant had not requested such leave, and that claimant acquiesced in the discharge: "The employer's insistence that claimant leave earlier than scheduled did not constitute a discharge, given claimant's agreement with the employer's decision that he leave work before the end of his notice period." EAB also rejected as unpersuasive employer's argument that claimant had been discharged for misconduct based on violation of employer's drug and alcohol policy.

On judicial review, claimant contends that EAB erred in deciding this case on grounds not argued by the parties. We agree. Employer has maintained throughout this action that claimant was discharged for misconduct, and that was the sole issue before EAB. Employer has not asserted that claimant was not entitled to benefits because he voluntarily left work without good cause. *See Chapman v. Employment Division*, 62 Or App 676, 662 P2d 19, *rev den* 295 Or 731 (1983) (EAB erred in denying benefits on the ground that claimant had voluntarily left work without good cause, because the only issue raised by employer was whether claimant was discharged for misconduct); *Kuraspeniani v. Emp. Div.*, 38 Or App 409, 590 P2d 294 (1979) (same).

The only question remaining is the scope of our remand to EAB. In *Chapman*, we remanded for EAB to consider the employer's misconduct argument. 62 Or App at 681. That is unnecessary here because EAB already has addressed that issue and has rejected employer's arguments concerning misconduct as unpersuasive.

Reversed and remanded with instructions to enter an order allowing benefits.