Argued and submitted April 17, reversed and remanded August 13, 2003

Tom JOHNSON,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Deschutes County,
*Respondents.*

02-AB-0196; A117522

74 P3d 1159

Roxanne L. Farra argued the cause for petitioner. With her on the brief was Roxanne L. Farra, P.C.

Richard D. Wasserman, Assistant Attorney General, waived appearance for respondent Employment Department.

No appearance for respondent Deschutes County.

Before Edmonds, Presiding Judge, and Brewer and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

The first time this case came before us, we remanded it to the Employment Appeals Board (EAB) for determination of a single issue: whether claimant's one-time failure to pay a $10 delivery charge for wood he bought from his employer was either "an isolated instance of poor judgment or the result of a good faith error." *Johnson v. Employment Dept.*, 177 Or App 464, 476, 34 P3d 716 (2001) (*Johnson I*). EAB held that it was neither and consequently denied benefits. We reverse and remand.

The following facts are either taken from our opinion in *Johnson I* or are undisputed. Claimant worked for Deschutes County (the county) as a supervisor in a community corrections program from 1987 until early 1999, when he was placed on administrative leave due to allegations of work-related misconduct. An investigator hired by the county submitted a report accusing claimant of 19 incidents of misconduct including, among other things, stealing a boat dock from the county wood yard, stealing firewood from the county and having it delivered to his home, using bench probationers to perform projects for himself and his friends, and misappropriating a county-owned paint sprayer and generator. After reviewing the report and other evidence, the county fired claimant. He filed for unemployment benefits; the county opposed the claim, arguing that he was ineligible because he had been fired for misconduct. However, the county declined the opportunity to submit any specific evidence because of a pending hearing before the county commissioners. The authorized representative of the director of the Employment Department (the department), noting that refusal, allowed benefits, concluding that the county had the burden of proving misconduct and had not met it. The county requested a hearing.

At that hearing, the county abandoned many of the accusations contained in the investigator's report, focusing instead on those surrounding the boat dock and the firewood. The administrative law judge (ALJ)[1] found that claimant had

---

[1] In our opinion in *Johnson I*, we referred to the person before whom the hearing was held as an administrative law judge. At that time, under the pre-1999

not engaged in misconduct with respect to the boat dock, that he had paid for the firewood, but that he had failed on one occasion to pay a $10 delivery charge when a county employee brought the firewood to his home. Based solely on that finding, the ALJ denied benefits, concluding that the failure to pay the delivery charge—a charge resulting from a policy that claimant himself had authored—was "a willful violation of the standard of behavior expected by" the county and "cannot be excused as an isolated incident of poor judgment or a good faith error" under OAR 471-030-0038(3)(a), which creates an exception to the general rule that an employee terminated for misconduct does not qualify for benefits. ORS 657.176(2)(a).

Claimant sought review before EAB. It affirmed the ALJ's denial of benefits, but it did so based not only on the failure to pay for delivery of firewood but also for misappropriation of county property—a charge that EAB raised *sua sponte*. After EAB denied claimant's motion for reconsideration and to reopen the record, claimant sought judicial review.

We reversed and remanded in *Johnson I.* Our decision rested on *Potter v. Employment Dept.*, 150 Or App 476, 946 P2d 709 (1997). In that case, we had held that EAB could not reverse the ALJ's determination that the claimant was entitled to benefits when EAB purported to base its decision on grounds not argued before the ALJ. *Id.* at 479. In *Johnson I,* we held that the principle from *Potter* applied: to the extent that EAB's denial of benefits relied on its finding that claimant misappropriated county property, that denial was error because the misappropriation rationale never came before the ALJ. *Johnson I,* 177 Or App at 475. However, because we could not determine whether EAB would have regarded the

version of ORS 657.270 that applied to the hearing in this case, a referee heard the matter. ORS 657.270 (1997). However, effective January 1, 2000, hearings under ORS 657.270 were required to be held before hearing officers assigned from the Hearing Officer Panel established under Oregon Laws 1999, chapter 849, section 3. Or Laws 1999, ch 849, § 122; Or Laws 1999, ch 1067, § 3. Further, under House Bill 2526 (2003), which went into effect on May 22, 2003, the name of the Hearing Officer Panel has been changed to the Office of Administrative Hearings and hearing officers now are denominated Administrative Law Judges. For consistency, we retain our usage of the term administrative law judge, which is now correct.

failure to pay for firewood delivery as an adequate independent reason for denial, we remanded the case to EAB.

On remand, EAB reaffirmed its first decision, concluding that the firewood incident was itself misconduct and that it was neither an isolated instance of poor judgment nor a good faith error:

> "We conclude that claimant's act was too serious to be considered an isolated instance of poor judgment. Claimant, who was the supervisor of the county's program, and who had promulgated the firewood policy, took advantage of his position and deprived the employer of revenue that it was due for services that it rendered to him. That violation, which is tantamount to theft, is too serious to excuse as mere poor judgment. *See Bunnell v. Employment Division*, 304 Or 11, 741 P2d 887 (1987) (where the court acknowledged that an isolated act can be more severe than poor judgment).
>
> "Further, claimant presented no evidence to show that he held a good faith belief that the employer would allow him to purchase firewood without paying for its delivery; claimant's actions were not the result of a good faith error."

Claimant once again seeks judicial review.

■ ■ Claimant's assignment of error focuses on both aspects of EAB's decision: that his failure to pay for the firewood delivery was not a good faith error and that the failure was more serious than mere poor judgment. (That it was an isolated instance is undisputed.) Claimant's mental state is a fact that we review for substantial evidence. *Frazier v. Minnesota Mining and Mfg. Co.*, 82 Or App 328, 331, 728 P2d 87 (1986), *rev den*, 303 Or 74 (1987) (existence of good faith is question of fact); ORS 183.484(8)(c) (standard of review for questions of fact). EAB's finding that he lacked good faith, therefore, survives if it is supported by substantial evidence, that is, if "the record, viewed as a whole, would permit a reasonable person to make that finding." ORS 183.482(8)(c). We have already concluded that substantial evidence supports EAB's finding that claimant did not pay for the firewood delivery. *Johnson I*, 177 Or App at 470. In addition, claimant acknowledges that he not only knew of the policy requiring such payment but that he wrote it. Those two facts

amount to substantial evidence supporting EAB's finding that claimant's failure to pay was not a good faith error.

 The second aspect of claimant's assignment of error requires us to review EAB's determination that failure to pay a $10 delivery fee was "too serious to be considered an isolated instance of poor judgment." That issue involves interpretation of OAR 471-030-0038(3)(b), which provides that "[i]solated instances of poor judgment * * * are not misconduct." The interpretation of rules is a legal question that we review for errors of law. *McPherson v. Employment Division*, 285 Or 541, 550, 591 P2d 1381 (1979). That conventional description of the standard, however, does not fully capture the nuances of our role as a reviewing court. In *Sun Veneer v. Employment Div.*, 105 Or App 198, 201 n 2, 804 P2d 1174 (1991), we held that the term "misconduct" is a delegative term that calls for the agency to "complet[e] a value judgment that the legislature itself has only indicated." Therefore, our interpretation should show significant deference to the agency's own interpretation if it "is within the range of its responsibility for effectuating a broadly stated statutory policy." *Johnson v. Employment Dept.*, 187 Or App 441, 447, 67 P3d 984 (2003) (hereafter cited as *Craig Johnson* to distinguish it from the present case and *Johnson I*) (quoting *McPherson*, 285 Or at 550). Further, in a situation such as this involving EAB's review of an ALJ's decision, which, in turn, followed the department's administrative decision, "the agency" is *the department*, and the relevant articulator of department policy is the authorized representative who rendered the original administrative decision. *Craig Johnson*, 187 Or App at 448. "Because neither the ALJ nor [EAB] adopted the rule defining misconduct, we owe their rule interpretation no deference." *Id.* Thus, although the question in the present case—whether claimant's failure to pay a $10 delivery charge was merely an isolated instance of poor judgment—is a legal question of rule interpretation, we give no deference to the ALJ's or EAB's determination but instead defer to the authorized representative's, unless it is implausible, that is, inconsistent with the rule's text, context, or any other source of law. *Don't Waste Oregon Com. v. Energy*

*Facility Siting*, 320 Or 132, 143, 881 P2d 119 (1994); *Craig Johnson*, 187 Or App at 449.

■ Because of the way this case has developed, however, we have no agency interpretation to which we might defer. As noted above, the authorized representative concluded:

> "You were discharged, but not for misconduct or the commission of theft in connection with your work. It has not been demonstrated that you were discharged due to any actions that were a willful disregard of your employer's interests. The employer has [the] burden of proof to show misconduct and misconduct has not been shown."

Had the authorized representative specified that claimant's *failure to pay a $10 delivery fee* was not misconduct or that it was a mere isolated instance of poor judgment, we would readily defer to that interpretation of OAR 471-030-0038(3)(b). The opinion, however, contains no such determination, nor could it; the allegation regarding delivery fees did not arise until the subsequent hearing before the ALJ.[2] Thus, the department has never had the opportunity to decide whether or not claimant's failure to pay for firewood delivery falls within its interpretation of "misconduct" or the "isolated instance" exception thereto.

In such a situation, we take instruction from *McPherson*, where the Supreme Court was confronted with the need to interpret a delegative statutory term ("good cause") that the department itself may or may not have correctly interpreted. The court held that, where it could not determine whether the department had interpreted the term correctly, "the case must be remanded to the [department] for reconsideration by the [director's] authorized representative in the light of this opinion." *Craig Johnson*, 187 Or App at 448 (quoting *McPherson*, 285 Or at 557; brackets in *McPherson*). Our circumstances are similar. The task of interpreting the term is not ours but the department's. *Id.* We therefore remand once again to EAB, this time with

---

[2] The ALJ has discretion to adjudicate matters that arise for the first time at the hearing on the administrative decision. OAR 471-040-0025(8).

instructions that EAB should remand to the ALJ, as authorized by OAR 471-041-100(1). The ALJ, in turn, should remand to the department for reconsideration. OAR 471-040-0025(8) (ALJ may remand to authorized representative for consideration of issues arising for first time at hearing).[3]

Reversed and remanded.

---

[3] Although we hold that EAB erred in not remanding to the ALJ with instructions after *Johnson I,* we note that the decision on which we base that conclusion, *Craig Johnson,* occurred after EAB acted.