Argued and submitted July 29, affirmed September 22, 2004

Cyndee J. JORDAN,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT
and Lomas Financial Services,
*Respondents.*

03-AB-1637; A122323

97 P3d 1273

Richard D. Wasserman, Assistant Attorney General argued the cause for respondent, Employment Department. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

No appearance for respondent Lomas Financial Services.

Before Edmonds, Presiding Judge, and Wollheim and Schuman, Judges.

SCHUMAN, J.

## SCHUMAN, J.

Claimant seeks judicial review of an Employment Appeals Board (EAB) decision that disqualified her from receiving unemployment insurance benefits because she was fired for misconduct. According to claimant, the EAB failed adequately to defer to the rule interpretation declared by the authorized representative of the Employment Department (department). We affirm.

The EAB found the following facts, and claimant does not challenge them on review. Claimant worked for Lomas Financial Services (employer), an insurance agency. Kim Lomas, employer's president, supervised her. During training, Lomas told claimant that employer had a policy under which only Lomas was allowed to open mail delivered to the employer's office. Claimant understood that policy, and thereafter she routinely put unopened mail, including boxes, on Lomas's desk. Because some boxes were heavy, and because on a few occasions Lomas had returned boxes to claimant unopened with instructions to open them and file their contents, claimant began to open some other heavy boxes herself instead of carrying them into Lomas's office. She did not have permission from Lomas to do so, and Lomas was not aware of claimant's conduct. Claimant did this on several occasions.

On March 13, 2003, Lomas entered the office where claimant was working and noticed a piece of cardboard on the floor. When Lomas asked claimant about the cardboard, she denied any knowledge of it. A short time later, however, Lomas called claimant into the conference room, and claimant then admitted that she had lied; the cardboard came from a box of mail that she had opened. She was discharged the following Monday, March 17.

Claimant applied for unemployment insurance benefits. Under ORS 657.176(2)(a), an employee who "has been discharged for misconduct connected with work" is "disqualified from the receipt of benefits." The department has promulgated rules defining "misconduct" as "willful or wantonly negligent violation of the standards of behavior which an employer has the right to expect of an employee," with an

exception for, among other things, "isolated instances of poor judgment," OAR 471-030-0038(3)(a) and (3)(b). After reviewing her application and employer's response, the department's authorized representative declared that "[c]laimant was discharged because the employer lost trust" in her but that, regardless, "[c]laimant was discharged but not for misconduct connected with work. Therefore, BENEFITS ARE ALLOWED[.]" Although the authorized representative heard conflicting accounts from claimant and employer about whether employer had told claimant about the mail opening policy, the representative's administrative decision did not address that issue.

Employer appealed, and a hearing before an administrative law judge (ALJ) ensued. Based on testimony adduced at hearing, the ALJ made additional findings of fact:

"Claimant was discharged for violation of company policy. The employer's policy is that no employee is to open mail. * * * Claimant was aware of the policy because the President told her about it.

"* * * * *

"Claimant understood that the employer expected her to refrain from opening the mail and that being dishonest about it could lead to her discharge."

Based on those facts, the ALJ concluded that claimant was discharged for misconduct. Claimant then appealed to the EAB, which found that employer discharged her for dishonesty *and* repeated violation of company policy. Those actions, the EAB concluded, amounted to misconduct and disqualified claimant from receiving unemployment insurance benefits.

In seeking judicial review, claimant argues that the EAB erred by not giving adequate deference to the authorized representative's administrative decision. Claimant relies on two recent cases, *Johnson v. Employment Dept.*, 187 Or App 441, 67 P3d 984, *rev den*, 336 Or 60 (2003) (*Craig Johnson*), and *Johnson v. Employment Dept.*, 189 Or App 243, 74 P3d 1159, *adh'd to as modified on recons*, 191 Or App 222, 81 P3d 730 (2003) (*Tom Johnson*). In those cases, we

held that whether a particular act by an employee constituted "misconduct" is a legal question involving interpretation of the department's rules defining that statutory term; that, under the principle announced in *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 142, 881 P2d 119 (1994), an agency's plausible interpretation of a rule that the agency itself promulgated deserves deference unless the interpretation conflicts with the rule's text, context, or another source of law (including case law); and that, in a case involving the department, the articulator of the agency's interpretation is the authorized representative and not an ALJ or the EAB. *Tom Johnson*, 189 Or App at 248 (citing *Craig Johnson*, 187 Or App at 448). Thus, according to claimant, the EAB owed deference to the authorized representative's decision, which amounted to an interpretation of the department's rule under which claimant's acts did not constitute misconduct.

The department takes issue with claimant's argument, contending that the authorized representative's decision does not deserve deference under *Don't Waste Oregon Com.* because the decision is not the interpretation of a rule but the application of an existing rule to the particular facts of this case. We do not entirely agree with either claimant or the department.[1]

■ We held in *Sun Veneer v. Employment Div.*, 105 Or App 198, 201 n 2, 804 P2d 1174 (1991), that the term "misconduct" is a delegative term requiring the department to "complet[e] a value judgment that the legislature itself has only indicated * * *." The department does this through its authorized representatives, who "interpret the law in the process of applying it." *Trebesch v. Employment Div.*, 300 Or 264, 273, 710 P2d 136 (1985). Therefore, when the authorized representative determines whether an employee was discharged for misconduct, the representative interprets OAR 471-030-0038(3) in the process of applying it, and that interpretation deserves the deference described in *Don't Waste Oregon Com.* The department's argument to the contrary cannot be reconciled with precedent or long-standing practice.[2]

---

[1] Employer waived appearance before this court.

[2] The fact that EAB and this court both have authority to review legal questions such as rule interpretations for legal error, ORS 657.275(2); ORS 657.282;

In the present case, the authorized representative implicitly found that claimant had lied, thereby causing employer to lose trust in her, but then interpreted "misconduct" so as to exclude that dishonesty. After a contested case hearing and further factfinding, however, the ALJ found evidence that claimant had not only been dishonest, but also had repeatedly and knowingly violated the company's mail policy and that employer fired her for that reason as well. The EAB agreed: "Ms. Lomas * * * discharged claimant for failing to follow her policy regarding opening the mail and for dishonesty." In summarizing its decision, the EAB correctly asserts, "Our decision is based upon our *de novo* review of the evidence in the record, not a difference in the interpretation of the underlying agency rule." We take that assertion to mean that, whereas the authorized representative interpreted the department's rule defining misconduct to exclude dishonesty, EAB interpreted the department's rule defining misconduct to *include* a *combination* of dishonesty and repeated violations of company policy.

The EAB, then, interpreted the department's rule without benefit of a departmental interpretation to which it might defer. In evaluating the EAB's interpretation, we are in the same situation. In superficially similar circumstances, we have held that the proper disposition is a remand to the EAB with instructions to ascertain the department's interpretation of "misconduct" (that is, to ascertain whether claimant's actions fit within the department's definition) using any lawful means to do so. *Johnson v. Employment Dept.*, 191 Or App 222, 224, 81 P3d 730 (2003); *McPherson v. Employment Div.*, 285 Or 541, 591 P2d 1381 (1979).

Such a remand is not necessary here. Both *Johnson* cases involved determinations of whether one-time acts were misconduct or mere isolated incidents of poor judgment. *Tom Johnson*, 189 Or App at 245-46 (failure to pay a $10 delivery costs on wood claimant bought from employer); *Craig Johnson*, 187 Or App at 443-44 (report to employer that accurately reflected amount of time claimant worked but falsified

ORS 183.482(8), does not conflict with the principle that, in exercising that authority, the reviewing body gives deference to agency interpretations, *Tom Johnson*, 189 Or App at 248, any more than this court's *de novo* review in, for example, domestic relations cases conflicts with our practice of deferring to trial court credibility determinations.

dates). In each case, the department had to interpret OAR 471-030-0038(3)(a) and (3)(b), which, as noted above, define "misconduct" as (among other things) a "willful or wantonly negligent violation of the standards of behavior which an employer has a right to expect," unless the conduct is an "isolated instance[ ] of poor judgment." Here, the undisputed facts establish that claimant repeatedly opened incoming mail and that, in doing so, she knowingly violated her employer's policy, and then she lied about it. Because the violations occurred repeatedly, they could not be called an "isolated instance." Nor, on the undisputed facts, could the department plausibly conclude that they were anything other than "willful * * * violation[s] of the standards of behavior which an employer has a right to expect." Thus, no remand is necessary because any interpretation of departmental rules resulting in a conclusion that claimant's conduct here was *not* misconduct would be implausible, would conflict with the rule's text, and would, therefore, deserve no deference. *Don't Waste Oregon Com.*, 320 Or at 142. Put another way, resolving this case requires no rule interpretation because, on the facts of this case, the rule is perfectly clear; deciding the case requires only straightforward application of the law to facts that the EAB is authorized to find *de novo,* ORS 657.275(2). EAB has done so, and the resulting legal conclusion follows from the facts so found.

Affirmed.