Argued and submitted July 15, 2004, affirmed April 27, 2005

ALL PEO, INC.,
*Petitioner,*

*v.*

EMPLOYMENT DEPARTMENT,
*Respondent.*

03-TAX-00039; A121747

111 P3d 798

Kevin P. O'Connell argued the cause for petitioner. With him on the brief was Hagen O'Connell LLP.

Jas. Jeffrey Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Before Edmonds, Presiding Judge, and Landau and Schuman, Judges.

LANDAU, J.

**LANDAU, J.**

In this unemployment insurance tax case, the issue is which of three tax rates applies to petitioner for the first quarter of 2002—a rate for new employers, a rate for existing employers, or a rate for an employer that has fully acquired another's business. The Employment Department (department) concluded that, because petitioner recently had acquired some of the incidents of another business, petitioner was a new and separate entity subject to the rate for new employers. Petitioner seeks judicial review, arguing that it is not a new and separate entity, but instead is a continuation of the same entity and therefore is subject to the lower rate for existing employers. We affirm.

We begin with a brief summary of the statutory framework so that the facts may be understood in proper context. Unemployment insurance benefits are funded by a payroll tax on employers. ORS 657.505. An "employer" is "any employing unit which employs one or more individuals in an employment subject to this chapter in each of 18 separate weeks during any calendar year[.]" ORS 657.025(1). An "employing unit," in turn, is "[a]ny individual or type of organization, including any * * * corporation * * * who has or had in its employ one or more individuals performing services for it within this state." ORS 657.020(1)(a).

The particular rate at which an employer is taxed is calculated annually. ORS 657.405. There are essentially three different ways to calculate the tax rate. First, ORS 657.435 provides that an employer whose account has been chargeable with benefits for less than one year is to be assessed at a "base rate":

> "For each calendar year beginning after December 31, 1977, an employer's tax rate shall be that rate assigned in this section to the applicable schedule I through VIII of Table A, ORS 657.462 in effect for such calendar year unless and *until there have been 12 consecutive months immediately preceding the computation date, except as otherwise provided, throughout which the employer's account has been chargeable with benefits.*"

(Emphasis added.) Second, ORS 657.430 provides that, after there have been 12 consecutive months of operations chargeable with benefits, the employer's tax rate is to be determined based on "the actual experience of the employer with respect to benefits paid to unemployed individuals on account of wages for services performed in the employ of such employer during the base years of such unemployed individuals." In other words, businesses subject to this section are charged based on their actual experience with unemployment compensation claims. Third, when an employer acquires *all* of another's business and all of its incidents, the purchasing employer succeeds to the acquired business's tax rate:

> "If the organization, trade or business, including the entire employing enterprise and all its incidents for all purposes of this chapter, of any employer is by purchase or otherwise transferred to an employing unit, whether or not such acquiring employing unit was an employing unit within the meaning of ORS 657.020 prior to such acquisition, the employing unit to which the transfer is made shall assume the position of such employer with respect to such employer's experience, payrolls and otherwise the same as if there had been no change in ownership and shall be required to assume and continue the experience of such employer pursuant to ORS 657.430 to 657.475 and 657.480 to 657.487. However, no employing unit to which the organization, trade or business of an employer has been transferred is entitled to a tax rate of less than the rate assigned an employer in accordance with ORS 657.435 unless and until such employing unit, based upon its experience and *the experience of the organization, trade or business trans-ferred*, has throughout the 12 consecutive months preceding the computation date had its account chargeable with benefits."

ORS 657.480(1).

In this case, there is no debate that petitioner is an "employer" subject to the requirement to pay the unemployment payroll tax. The sole issue in contention is which of the three foregoing methods of computing the tax rate applies. With that in mind, we turn to the facts, which are not in dispute.

Since September 2000, Jim Mathany owned a corporation called Professional Employee Outsourcing, LLC (PEO). The company provided payroll services throughout 11 western states. It had five internal staff and was the employer of record for approximately 900 employees. The department assigned to PEO a business business identification number (BIN), 1116822-9.

In January 2001, PEO purchased a state-of-the-art integrated accounting software system, allowing it to compute payroll for its clients internally. The company encountered severe difficulties with the software, however, and, in December 2001, it suspended operations. After December 2001, PEO had no employees or payroll.

Meanwhile, Mathany learned of the availability of another company, Quest Peripherals Corporation (Quest), BIN 601061-85, an Oregon corporation with a single employee, which has been in the business of computer peripheral sales since 1997. Mathany was interested in acquiring Quest because of its favorable financial history and business relationships and its low unemployment insurance payroll tax rate. In December 2001, Mathany purchased all of Quest's shares and its name. Mathany did not purchase Quest's location, employee, or inventory. Nor did Mathany continue the computer peripheral sales business.

Instead, in December 2001, Mathany changed Quest's name to All PEO, Inc. That renamed company, petitioner in this case, then acquired a license to operate as a professional employer organization in the State of Oregon, the same sort of organization that Mathany's other business, PEO, once engaged in. In fact, as of January 1, 2002, PEO's employees began working for petitioner and serving PEO's Oregon clients. Petitioner did not, however, acquire any of PEO's assets, computer system, or accounts. PEO continues to exist, but its operations remain suspended.

Mathany registered petitioner with the department on July 17, 2002. The department then assigned petitioner a new account number, BIN 1144168-3. The department initially determined that petitioner was a successor to PEO and therefore, under ORS 657.480(1), was obligated to pay its unemployment benefits payroll tax at PEO's established

rate, which, based on its prior experience, was three percent. Petitioner requested a hearing, arguing that, because it had merely changed Quest's name and not its corporate status, under ORS 657.430, it was entitled to the tax rate that had applied to Quest before the purchase, which was 0.6 percent.

The administrative law judge (ALJ) first addressed the applicability of ORS 657.480(1). After noting that petitioner did not take over the "entire organization, trade or business of a formerly registered employer," the ALJ concluded that petitioner could not be assigned a successor tax rate. The ALJ then turned to ORS 657.435, which, as we have noted, applies to employers that lack 12 consecutive months of experience on which to calculate a tax rate. The ALJ noted that petitioner is "a new and separate entity, and must be assigned the rate for an employer that does not have any experience." That happens to be three percent for petitioner.

On review, petitioner does not challenge the ALJ's conclusion that the successor rate provided by ORS 657.480(1) does not apply. It does challenge the ALJ's conclusion that, because petitioner is a "new and separate entity," the rate for new employers under ORS 657.435 applies. According to petitioner, it is not a new entity at all, having retained the same corporate status since 1997. That the nature of its business has changed petitioner does not deny. According to petitioner, that does not matter. As long as its status as a corporate entity remains unchanged, petitioner argues, it is entitled to retain the experience rating that it has earned in the past, regardless of any changes in the nature of the business that the entity conducts.

The department does not challenge the ALJ's conclusion that the successor rate provided by ORS 657.480(1) does not apply. Nor does the department disagree with petitioner that the ALJ erred in concluding that petitioner is a "new and separate entity." Essentially arguing that the ALJ ultimately arrived at the correct conclusion for the wrong reason, the department argues that the proper test is not whether petitioner remains the same corporate entity but whether petitioner continues to conduct the same business. According to the department, in this case—in which petitioner changed names, changed employees, changed business plans, and set

up a new department account—there is lacking the requisite 12 consecutive months of experience with the new business on which to calculate a tax rate under ORS 657.430. As a result, the department argues, petitioner must be subject to the default rate provided for new businesses under ORS 657.435.

As we have noted, ORS 657.430 and ORS 657.435 authorize the department to calculate an employer's tax rate "on the basis of actual experience of the employer" with respect to unemployment claims only if there have been "12 consecutive months * * * throughout which the employer's account has been chargeable with benefits." The statutes thus permit a calculation of the rate on the basis of actual claims experience only if the employer's *account* has been chargeable with benefits for at least 12 consecutive months. The account, not the entity, must have been ongoing for the previous 12 months. In this case, the ALJ found—and no one disputes—that, on July 12, 2002, petitioner registered with the department and was assigned a new account, BIN 1144168-3. The Quest account, in fact, had been closed, as petitioner itself notes in its brief. Thus, even if petitioner is correct that its corporate status remains unchanged, that fact is immaterial to a determination of its tax rate under ORS 657.430, which is based on actual experience on an account-by-account basis. Because it is undisputed that petitioner's account lacked the requisite 12 consecutive months of experience, petitioner is subject to the base tax rate as provided in ORS 657.435. *See Jordan v. Employment Dept.,* 195 Or App 404, 410, 97 P3d 1273 (2004) (remand to agency is not necessary where relevant facts are undisputed and the only issue remaining is one of law). The ALJ did not err in so concluding.

Affirmed.